IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WANDA WALDON, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-01170-FB |
| | § | |
| vs. | § | |
| | § | |
| PEP BOYS-MANNY, MOE & JACK OF | § | |
| DELAWARE, INC., | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation and Order concerns the above-styled cause of action. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution. In light of the foregoing, the undersigned will cancel the Initial Pretrial Conference and return this case to the District Court.

## I. Background

Defendant removed this action to this Court on September 27, 2019 [#1] and filed a motion to dismiss [#4], which argues that Plaintiff's state-court Petition fails to state a claim upon which relief can be granted. Defendant's Motion to Dismiss was filed on October 3, 2019, meaning Plaintiff's response to the motion was due on or before October 21, 2019. *See* Loc. R. CV-7(e) (responses to dispositive motions such as a motion to dismiss are due within seven days

of motion's filing); Fed. R. Civ. P. 6(a), (d) (adding three days to response deadline for service by mail and extending the deadline to Monday if the final date otherwise falls on a Sunday). Plaintiff failed to file a response by the deadline, and the Court *sua sponte* ordered Plaintiff to file a more definite statement under Rule 12(e) to save her case from dismissal [#7]. The deadline for filing the more definite statement was November 22, 2019. The Court warned Plaintiff that a failure to file a more definite statement could result in Defendant's Motion to Dismiss being granted or this case being dismissed for failure to prosecute. Plaintiff failed to file the more definite statement as ordered.

This Court has the authority to dismiss an action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Plaintiff has failed to respond to Defendant's Motion to Dismiss, and she has failed to comply with the Court's order to file a More Definite Statement. Plaintiff has been warned of the consequences of failing to prosecute this action. The Court will therefore recommend that the District Court dismiss this action under Rule 41(b) for want of prosecution.

## II. Recommendation and Order

Having considered the record in this case, the undersigned recommends that this case be **DISMISSED** for want of prosecution.

**IT IS ALSO ORDERED** that the Initial Pretrial Conference scheduled for December 12, 2019 is **CANCELED**.

**IT IS FURTHER ORDERED** that this case is **RETURNED** to the District Court, as all matters referred to the undersigned have been acted upon.

### III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of December, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE